(Of the Sixth Circuit, sitting in the First Circuit.)

*MILO G. DODDS, ADMR., v. MT. ADAMS & EDEN PARK RAILWAY CO.

1. ISSUABLE FACTS IN CHANGE OF VENUE.
The only issuable facts to be heard by the court of common pleas, under sec. 5033, Rev. Stat., relating to a change of venue in a suit against a corporation, are: First, whether the party is a corporation; second,

*The statute in question was held unconstitutional by the first circuit in Snell v. St. Ry. Co., 9 Circ. Dec., 264, but it is said that that decision was not brought to the attention of the court in this case: However, the decision in Snell v. St. Ry. Co., was reversed by the Supreme Court in 60 Ohio St., 256, holding the statute constitutional. For decision of superior court on subject of change of venue, see Sauer v. St. Ry. Co., 7 Dec., 19, and 8 Dec., 473.

whether the corporation has more than fifty stockholders and whether it keeps its principal office or transacts its principal business in the county in which the action is pending; third, the credibility and residence of the several persons signing the sustaining affidavits.

**2. AFFIDAVITS UNCONTRADICTED—REMOVAL REQUIRED.**

Where plaintiff, in common pleas court, files the necessary affidavits for removal, under sec. 5033, Rev. Stat., complying in substance and form with said section, and no testimony is offered by the corporation tending to disprove the statements in such affidavits, it is error for the court of common pleas to overrule the motion for removal.

ERROR to the Court of Common Pleas of Hamilton county.

HAYNES, J.

Under sec. 5033, Rev. Stat., relating to a change of venue in a suit against a corporation, the only issuable facts to be heard by the court of common pleas are: first, whether the party is a corporation; second, whether the corporation has more than fifty stockholders and whether it keeps its principal office or transacts its principal business in the county in which the action is pending; third, the credibility and residence of the several persons signing the sustaining affidavits.

This is not intended to conflict with or overrule the holding of the first circuit found in State ex rel. v. Wilson, 7 Circ. Dec., 17.

The plaintiff in this action, having filed in the court of common pleas the necessary affidavits for the removal of the case in that court under said section, which affidavits complied in form and substance with the said section, and no testimony having been offered by the corporation tending to disprove the statements in said affidavits, it was error for the court of common pleas to overrule said motion for removal. We find no other error in the record; but for above error the judgment of the court of common pleas is reversed and the verdict of the jury set aside, and the cause remanded to the court of common pleas for further proceedings according to law.

Peck, Shaffer & Peck and Milo G. Dodds, for plaintiff in error.

Foraker, Outcalt, Granger & Prior, *contra.*